UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BOBBY J. MILLS.,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 98-134 (CKK)

**MEMORANDUM OPINION**
(October 17, 2006)

Presently before the Court is Petitioner's Petition to Reopen Case 1:98-CV-00134-CKK, in which he seeks expungement of his 1985 District of Columbia Superior Court (D.C. Superior Court) conviction for the unauthorized use of a motor vehicle due to alleged ineffective assistance of counsel. Based on a thorough review of the filings presently before the Court, as well as the relevant statues and case law, the Court shall deny the instant Petition, finding both that this Court is precluded from reviewing the Petition by D.C. Code § 23-110 and that, even if this Court were to review Petitioner's claim of ineffective counsel, that claim lacks merit.

**I: BACKGROUND**

On March 28, 1985, Petitioner Bobby J. Mills pled guilty in D.C. Superior Court to unauthorized use of a motor vehicle in violation of D.C. Code § 22-3215. Resp.'s Opp'n. to Pet.'s Pet. (hereinafter "Resp.'s Opp'n.") at 1. On May 17, 1985, when Petitioner was 19 years old, Pet.'s Ans. to Govt.'s Opp'n. (hereinafter "Pet.'s Ans.") at 1, he was sentenced to a term of incarceration of twenty months to five years, which was suspended in favor of three years' supervised probation, Resp.'s Opp'n. at 2. Petitioner did not appeal his conviction. *Id.*

Almost twelve years later, Petitioner filed a request to expunge his 1985 conviction pursuant to the "Federal Youth Act" in D.C. Superior Court. *Id.* That request was denied without hearing in an October 3, 1997 decision, in which the D.C. Superior Court found that it lacked the power to grant the relief Petitioner sought because Petitioner had not received a Youth Act sentence. *Id.*; Resp.'s Opp'n. Ex. 1 (10/3/97 D.C. Sup. Ct. Order, *U.S. v. Mills*, Criminal No. F-671-85) at 1. The D.C. Court of Appeals affirmed the Superior Court's decision on December 9, 1998, explaining that it would not have been possible for Petitioner to receive a Youth Act sentence at the time of his sentencing. Resp.'s Opp'n. at 2; Resp.'s Opp'n. Ex. 2 (12/9/98 D.C. Ct. App. Mem. Op., *Mills v. U.S.*, No. 97-CO-1800) at 1-2. Petitioner also filed a pleading captioned as a motion to vacate sentence in the United States District Court for the Northern District of Texas on December 30, 1997. Resp.'s Opp'n. at 2. That matter was transferred to this Court, which construed the motion as one arising under the federal habeas corpus provision of 28 U.S.C. § 2241, and dismissed the motion for lack of subject-matter jurisdiction because Petitioner had completed serving his sentence at the time the motion was filed and was therefore no longer "in custody." *Id.*

Petitioner filed the instant Petition on June 8, 2006, seeking to reopen his 1998 case before this Court in order to expunge his 1985 D.C. Superior Court conviction. Pet. at 1-2. In the instant Petition, Petitioner appears to assert a claim of ineffective assistance of counsel, arguing that because his attorney failed to advise him of the "Youthful Offender Act," he was not given a Youth Act sentence and his conviction was not expunged once he completed serving his sentence. Pet.'s Ans. at 2; Resp.'s Opp'n. at 3. Respondents oppose the Petition, arguing that this Court lacks jurisdiction to entertain the Petition because (1) adequate remedy has been

afforded under D.C. Code § 23-110, and (2) the Petitioner was not in custody when he filed the

Petition.  Resp.'s Opp'n. at 3-6.  Respondent also argues that the Petitioner's ineffective

assistance of counsel claim lacks merit.  *Id.* at 6.

## II: LEGAL STANDARD

Petitioner has styled his Petition as one to reopen his 1998 case before this Court or to

begin a new case filing.  Although not labeled as such by Petitioner, the Court will treat the

instant Petition as motion for reconsideration under Federal Rules of Civil Procedure Rule 60(b),

which provides that "upon such terms as are just, the court may relieve a party . . . from a final

judgment, order or proceeding" for a number of identified reasons.  Fed. R. Civ. P. 60(b).

Petitioner's claim of ineffective assistance of counsel might appear to fall under subsection (1) of

Rule 60(b), which applies in cases of "mistake, inadvertence, surprise, or excusable neglect,"

however, a motion under that subsection must be made within one year of the entrance of the

order at issue.  *Id.*  Moreover, the instant Petition does not complain of the assistance Petitioner

received from counsel during his 1998 case before this Court, but rather argues that he received

ineffective assistance during his 1985 case in D.C. Superior Court.  Thus, the Petition can only

be considered under Rule 60(b)(6), which allows relief from an order for "any other reason

justifying relief from the operation of the judgment."  *Id.*

In exercising its discretion under Rule 60(b), a district court "must balance the interest in

justice with the interest in protecting the finality of judgments."  *Summers v. Howard Univ.*, 374

F.3d 1188, 1193 (D.C. Cir. 2004).  Moreover, as "[t]here must be an end to litigation someday,"

"motions to reconsider under Rule 60(b)(6) apply only to 'extraordinary situations' and 'should

only be sparingly used.'"  *U.S. v. Pollard*, 290 F. Supp. 2d 153, 157 (D.D.C. 2003) (citing *Twelve*

*John Does v. Dist. of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1998) and *Good Luck Nursing*

*Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).  Among the "extraordinary situations"

where relief has been granted under Rule 60(b)(6) is when the party seeking relief from a final

judgment or order alleges ineffective assistance of counsel.  Thus, "an unwitting plaintiff need

not be thrown out of court when 'personal problems of counsel cause him grossly to neglect a

diligent client's case.'" *Peter B. v. U.S.*, Civil Action No. 05-2189, 2006 WL 2038512, *1

(D.D.C. Jul. 19, 2006).  Here, the Court finds that the Petitioner has no avenue for relief under

Rule 60(b), primarily because the Court lacks jurisdiction to entertain the instant Petition, but

also because, even if the Court were to consider Petitioner's claim of ineffective assistance of

counsel, that claim lacks merit.

### III: DISCUSSION

*A.      D.C. Code § 23-110*

Petitioner's pleadings make clear that he does not seek habeas corpus relief, but rather

seeks to reopen his 1998 case before this Court in order to review his claim that he received

ineffective assistance of counsel during his 1985 D.C. Superior Court case.  Pl.'s Pet. at 1; Pet.'s

Ans. at 1.[1]  Nevertheless, "[t]he unique status of the District of Columbia precludes nearly all

federal post-conviction review of District of Columbia Superior Court criminal convictions."

*Perkins v. Henderson,* 881 F.Supp.55, 57 (D.D.C. Apr. 3, 1995).  As a result,  "federal courts are

generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence

---

[1] As this Court previously determined in its 1998 Memorandum Opinion and the D.C. Circuit subsequently affirmed, Petitioner would not be entitled to habeas corpus relief because he is no longer "in custody," regardless of the "collateral consequences of the conviction."  *Mills v. U.S.*, No. 98-5145, 1998 WL 796299, *1 (D.C. Cir. Oct. 6, 1998).

imposed by the District of Columbia Superior Court" because the federal habeas corpus and post-conviction review that is available with respect to D.C. convictions is limited to relief under D.C. Code §§ 16-1901 and 23-110.  *Id* at 57-58.[2]

D.C. Code § 23-110 provides that prisoners "in custody under sentence" of the District of Columbia Superior Court "may move the court to vacate, set aside, or correct the sentence" on a number of grounds, including that "the sentence was imposed in violation of the Constitution of the United States of the laws of the District of Columbia" or that "the sentence is otherwise subject to collateral attack."  D.C. Code § 23-110(a) (1981).  The statute vests subject matter jurisdiction in the D.C. Superior Court to grant various forms of relief, D.C. Code § 23-110 ©); however the statue divests the federal courts of jurisdiction to entertain claims filed under § 23-110, unless a defendant can show that the remedy available to him under § 23-110 is "inadequate or ineffective."  D.C. Code § 23-110(g).

Thus, the sole means available to Petitioner to launch a collateral attack on his 1985 conviction is a motion under D.C. Code § 23-110.  This Court is precluded from reviewing that petition, however, because there is no evidence that the remedy available to Petitioner under D.C. Code § 23-110 is either "inadequate or ineffective."  *See Mills v. U.S.,* No. 98-5145, 1998 WL 796299, *1 (D.C. Cir. Oct. 6, 1998).  Significantly, the D.C. Circuit, in addressing motions under D.C. Code § 23-110, has determined that "a petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them."  *Perkins*, 881 F.Supp. at 60; *see also Garris v. Lindsay,* 794 F. 2d 722, 727

---

[2] D.C. Code § 16-901 deals specifically and exclusively with writs of habeas corpus.  As Petitioner neither seeks, nor is Petitioner eligible for, habeas corpus relief, the Court will deal solely with D.C. Code  § 23-110 in considering the instant Petition. *See* D.C. Code § 16-901 (1981).

(D.C.Cir. 1986).  Furthermore, the fact that Petitioner is no longer in custody and is therefore

unable to invoke D.C. Code § 23-110 does not in itself render that statute's remedy inadequate.

*Garris,* 794 F. 2d 727 ("It is the inefficacy of the remedy, not personal inability to utilize it, that

is determinative, and appellant's difficulty here is simply that his circumstances preclude him

from invoking it.").  Despite the fact that none of Petitioner's previous efforts at expungement

were styled as a motion under D.C. Code § 23-110, because that statute provides the sole remedy

available to Petitioner and that remedy is neither "inadequate or "ineffective," this Court is

precluded from reviewing the instant Petition.  *Blair-Bey v. Quick*, 151 F. 3d 1036, 1042 (D.C.

Cir 1998); *Swain v. Pressley*, 430 U.S. 372, 381, 97 S. Ct. 1224, 51 L. Ed. 2d 411 (1977).[3]

    B.    *Petitioner's Claim of Ineffective Assistance of Counsel Lacks Merit*

    In seeking to reopen his 1998 case before this Court on the grounds of ineffective

assistance of counsel, Petitioner asserts "[i]t is  . . . a fact that the Petitioner's (court appointed)

attorney . . . knew nothing of the Youthful Offender Act and thus could not advise a minor

(Petitioner) of the Act.  It is also a fact that in the period of the 1984 and 1985 District of

Columbia 'Youthful Offender' law revisions a (Defendant) sentenced as a minor could ask for

and be granted a Youthful Offender sentence."  Pl.'s Ans. To Resp.'s Opp. at 2.[4]  However, the

---

    [3] Moreover, D.C. Code § 23-110(e) provides that "the court shall not entertain a second or successive motion for similar relief on behalf of the same prisoner."  D.C. Code § 23-110(e).  Thus, even if this Court had jurisdiction to review the instant Petition, § 23-110(e) would bar the Court from considering it because it seeks essentially the same relief (expungement) as Petitioner has previously sought in the D.C. Superior Court and before this Court in 1998.

    [4] Although Petitioner refers to the D.C. "Youthful Offender Act," in reviewing the D.C. Superior Court's denial of Petitioner's previous request to expunge his conviction, the D.C. Court of Appeals determined that Petitioner was likely referring to the D.C. Youth Rehabilitation Act, D.C. Code § 24-801 (1996), which replaced the repealed Federal Youth Corrections Act, 18 U.S.C.S. § 5005.  Resp.'s Opp'n. Ex. 2 (12/9/98 D.C. Ct. App. Mem. Op., *Mills v. U.S.*, No. 97-CO-1800) at 2, n. 2.

D.C. Court of Appeals has previously determined that it would have been impossible for Petitioner to have been sentenced under the D.C. Youth Rehabilitation Act because his sentencing occurred in the period between the repeal of the Federal Youth Corrections Act and the enactment of the D.C. Youth Rehabilitation Act, and Petitioner failed to timely file a motion for reconsideration of his sentence in accordance with the relevant retroactivity provisions. Resp.'s Opp'n. Ex. 2 (12/9/98 D.C. Ct. App. Mem. Op., *Mills v. U.S.*, No. 97-CO-1800) at 2 (citing D.C. Law 6-69 § 10(b); 32 D.C. Reg. 4587 (1985)).  Additionally, the D.C. Court of Appeals found that there was no basis on which Petitioner could have been sentenced under the Federal Youth Corrections Act, because the crime itself took place several months after the law had been repealed.  *Id.*

Thus, despite Petitioner's arguments to the contrary, it appears that at the time of his 1985 conviction he was not entitled to a sentence under either the Youth Rehabilitation Act or the Federal Youth Corrections Act, which might have allowed for possible expungement of his conviction once he completed serving his sentence.  Petitioner's claim of ineffective assistance of counsel therefore lacks merit because his attorney cannot be taken to task for failing to advise Petitioner of a sentencing option that was not, in fact, available to him.  *See United States v. Holland*, 117 F.3d 589, 594 (D.C. Cir. July 8, 1997) ("a lawyer is not ineffective when he fails to file a frivolous pleading").   As a result, the Court notes that, even if it were to review Petitioner's claim of ineffective assistance of counsel, that claim would fail to demonstrate the type of "extraordinary situation" that merits relief under Rule 60(b)(6).

**IV: CONCLUSION**

For the reasons set forth above, the Court shall deny Petitioner's Petition to Reopen Case.

An appropriate Order accompanies this Memorandum Opinion.


Date:   October 17, 2006


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge